# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-CR-150 (SRN/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| Derek Edward Benedict (01), | |
| Defendant. | |

---

Surya Saxena, United States Attorney's Office 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, on behalf of Plaintiff

Thomas G. Dunnwald, Dunnwald & Peterson, PA, 205 Garland Building, 201 East Hennepin Ave., Minneapolis, Minnesota 55414, on behalf of Defendant Derek Edward Benedict

---

SUSAN RICHARD NELSON, District Judge

This matter is before the undersigned United States District Judge on Defendant Derek Edward Benedict's Appeal of the Magistrate Judge's Order Denying Severance of Defendants & Disparate Conspiracies for Trial [Doc. No. 204]. Finding the matter fully briefed, the Court has considered the appeal on the papers. (Docket Text Entry Denying Request for Evidentiary Hearing [Doc. No. 235].) For the reasons set forth herein, Defendant's appeal is denied.

## I. BACKGROUND

Benedict moves to sever the trial on his case from the trials of the other defendants and also moves to sever Counts One and Two of the Indictment, arguing that they are separate and distinct allegations. Benedict appeals Magistrate Judge Franklin L. Noel's Order of July 24, 2013 [Doc. No. 187] denying his pretrial severance motions.

A district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp.2d 1005, 1007 (D. Minn. 1999); see also United States v. Raddatz, 447 U.S. 667, 673 (1980). "A motion to sever is a nondispositive motion." United States v. Morris, 12-CR-26(6) (JRT/JSM), 2012 WL 6194402, at *5 (D. Minn. Dec. 12, 2012) (citing United States v. Ortiz, No. 08–CR–231, 2011 WL 1344213, at *1 (E.D. Wis. Apr. 8, 2011)). The Court will reverse such an order only if it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a); D. Minn. LR 72.2(a). This Court's ruling on Defendant's motions to sever would be the same even under a de novo standard of review.

The Indictment charges Defendant and seven others with two conspiracy counts and other underlying offenses. (Indictment [Doc. No. 1].) The Government charges Benedict in Count One with conspiracy to commit bank robbery and bank larceny. (Id. ¶¶1-4.) This charge involves a conspiracy to steal money inside Automated Teller Machines ("ATMs"), including ATMs located at several Walgreens stores. (Id.) Benedict is further charged in Count Two with conspiracy to steal controlled substances -

specifically, the theft of controlled substances at a Walgreens store and another pharmacy. (Id. ¶¶ 5-8.) While he is charged with additional offenses in other counts of the Indictment,[1] he seeks to sever Counts One and Two, arguing that because they "remain separate and distinct allegations," a defendant "faced with trial for both of these charges together cannot reasonably expect to receive a fair trial of either conspiracy." (Def.'s Mot. for Severance of Counts at 1 [Doc. No. 152].) Benedict argues on appeal that the two conspiracies are so intertwined that "it will appear to the jury that the only legitimate defense to one conspiracy is a denial of both." (Def.'s Mem. Supp. Appeal at 3 [Doc. No. 220].) In addition, he moves to sever his trial from that of his co-defendants, arguing that his right to a fair trial will be prejudiced if he is tried jointly. (Id. at 2.)

## II. DISCUSSION

The propriety of joinder, pursuant to Fed. R. Crim. P. 8, is determined on the face of the indictment. United States v. Bledsoe, 674 F.2d 647, 655 (8th Cir. 1982); United States v. Sanders, 563 F.2d 379, 382 (8th Cir. 1977). Rules 8(a) and 8(b) are to be liberally construed in favor of joinder. United States v. Darden, 70 F.3d 1507, 1526 (8th Cir.1995); Bledsoe, 674 F.2d at 655. Rule 8(a) provides:

> Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or

---

[1] In addition, the Government charges Benedict with two counts of bank larceny (Counts Four and Five), one count of burglary involving controlled substances (Count Six), and one count of interstate transportation of stolen property (Count Ten). (Indictment ¶¶ 10-12; 16.)

3

> are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Rule 8(b) provides:

> Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Courts have concluded that Rule 8(a) applies only to single defendants challenging joinder of offenses in a single trial or when multiple defendants, who are all charged with the same offenses, challenge the joinder of offenses. United States v. Southwest Bus Sales, Inc., 20 F.3d 1449, 1453-54 (8th Cir.1994) (internal citations omitted). In cases involving multiple defendants who are not all charged with each offense, the analysis of the joinder of offenses is governed by Rule 8(b). Id.; United States v. Jones, 880 F.2d 55, 61 (8th Cir.1989); Williams v. United States, 416 F.2d 1064, 1068 (8th Cir. 1969); United States v. Finn, 919 F.Supp. 1305, 1323 (D. Minn. 1995); see also 1A Charles Alan Wright, Federal Practice & Procedure § 144 (4th Ed. & Supp. 2010). Because this case involves multiple defendants who are not all charged with the same offenses, the Court analyzes joinder under Rule 8(b).

### A. Joinder of Counts

Defendant alleges that Counts One and Two are mis-joined because "they are separate and distinct allegations." (Def.'s Mot. Sever at 1 [Doc. No. 152].) Yet on appeal, Benedict also acknowledges that the two conspiracies are "so intertwined that the

4

allegations effectively differ only in focus – both clearly allege the intent to burglarize and steal – in one instance to obtain valuable drugs, in the other plain old money." (Def.'s Mem. Supp. Appeal at 3 [Doc. No. 220].)  Benedict further concedes that "the alleged members, methods and targets of the conspiracies duplicate." Id.

"Although a conspiracy count is not always essential for joinder of counts which do not all include every joined defendant, in the absence of such an allegation, other facts must be alleged which at least suggest the existence of an overall scheme encompassing all the defendants and all the charged offenses." Bledsoe, 674 F.2d at 656 (citing United States v. Porter, 441 F.2d 1204, 1212 (8th Cir.), cert. denied, 404 U.S. 911 (1971). The counts at issue here are both conspiracy counts. In Count One, the Indictment alleges a common activity involving a conspiracy to commit burglaries, primarily by stealing the contents of ATMs located at Walgreens stores. (Indictment ¶¶ 1-4 [Doc. No. 1].) In Count Two, the Indictment alleges a conspiracy to steal controlled substances at two pharmacies, one of which was a Walgreens store. (Id. ¶¶ 5-8.) The crimes alleged in these two counts are of the same or similar character and are part of a common scheme and plan. As Defendant himself concedes, the two conspiracy counts contain intertwining elements of membership, methodology, and targets.   Moreover, as noted by counsel for the Government at the hearing on this motion, the evidence for the two conspiracies widely overlaps. (Tr. of 7/17/13 Hearing at 10 [Doc. No. 239].)   The Court finds joinder of Counts One and Two proper.

B.     **Joinder of Defendants**

Rule 8(b) permits joinder of defendants in the same indictment when the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Civ. P. 8(b). When defendants are joined for participating in the same series of acts or transactions, the defendants may be charged in one or more than one count and all defendants need not be charged in each count. United States v. Jenkins-Watts, 574 F.3d 950, 967 (8th Cir. 2009). "Rarely, if ever, will it be improper for co-conspirators to be tried together." United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991) (citing United States v. Drew, 894 F.2d 965, 968 (8th Cir. 1990), cert. denied, 494 U.S. 1089 (1990)). In general, "persons charged in the same offense should be tried together, especially when proof against them is based upon the same evidence or acts." United States v. Voss, 787 F.2d 393, 401 (8th Cir. 1986).

The first two counts in the Indictment charge conspiracy violations. As noted by the magistrate judge at the hearing on Defendant's motion, the remaining counts consist of substantive counts against one or more defendants. (Tr. of 7/17/13 Hearing at 11 [Doc. No. 239].) Count One charges all of the defendants with participating in the ATM burglary conspiracy. (Indictment ¶¶ 1-4 [Doc. No. 1].) Count Two charges all but one of the defendants – Ms. Stanley – with participating in the controlled substances burglary conspiracy. (Id. ¶¶ 5-8.) However, Stanley was charged with participating in the ATM burglary conspiracy in Count One as well as three additional underlying counts (Counts

6

Three, Four, and Five) involving burglaries of ATMs at Walgreens stores. (Id. ¶¶ 1-4; 9.) Notably, a Walgreens store was one of the targets of the controlled substances burglary conspiracy in Count Two.

The Court finds that the Indictment sufficiently alleges a series of inter-connected conspiracy members, targets, and methodologies, and the evidence to be submitted against the defendants is based upon the same evidence or acts. Defendant Benedict was charged with participating in both conspiracies. For all of these reasons, the Indictment "sufficiently allege[s] that the joined defendants and counts [are] factually interrelated." Darden, 70 F.3d at 1526-27. Benedict and his co-defendants were properly joined under Rule 8(b).

### C. Showing of Real Prejudice

Even where joinder is proper, the Court has the discretion to order severance under Fed. R. Crim. P. 14. Id. at 1526. Rule 14 provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trial, or provide any other relief that justice requires. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). "Judicial economy and legitimate public interests favor a joinder of all offenses against the accused." United States v. Dennis, 625 F.2d 782, 801 (8th Cir. 1980). Accordingly, if joinder is proper under Rule 8, a defendant seeking severance "has

the heavy burden of demonstrating that a joint trial will impermissibly infringe his right to a fair trial." United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996). "The danger of prejudice to a defendant is inherent in any proceeding in which the Government tries a single defendant for multiple crimes." United States v. Kirk, 528 F.3d 1102, 1107 (8th Cir. 2008). However, "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro v. United States, 506 U.S. 534, 540 (1993) (citations omitted). Therefore, a defendant seeking to sever his trial must show that a joint trial would cause "real prejudice." United States v. Mickelson, 378 F.3d 810, 817-18 (8th Cir. 2004). "Real prejudice" exists when "(a) [a defendant's] defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." Id. at 818 (citations omitted).

Essentially, the prejudice identified by Benedict is that several of his co-defendants, whom he describes as "habitual criminals" and "profligate burglars," may provide testimony against him, portraying him as the mastermind of the conspiracies. (Def.'s Mem. Supp. Appeal at 2 [Doc. No. 220].) He also argues that the two conspiracies are so intertwined that he is left "unable to choose, much less present, a particularized defense to the charges." (Id. at 3.)

Benedict's arguments are unsupported. All of the defendants were indicted as members of the conspiracy in Count One and all but one were indicted as members of the conspiracy in Count Two. (Indictment ¶¶ 1-5; 5-8 [Doc. No. 1].) The fact that some of

8

these defendants may have extensive criminal backgrounds is a potential subject for cross-examination at trial, but it does not warrant the severance of Benedict's case. "Other crimes" and bad acts evidence may be properly admitted, accompanied by jury instructions that the evidence should be considered only against the defendant in question. As the Eighth Circuit has noted, "[e]vidence of prior criminal offenses of one defendant does not prejudice his co-defendants to the level of requiring severance. Nor is a defendant entitled to severance merely because the evidence against a co-defendant is more damaging than against him." United States v. Robinson, 774 F.2d 261, 267 (8th Cir. 1985).

Likewise, to the extent that Benedict's co-defendants testify against him, this is insufficient grounds for severing Benedict's case. Jones, 880 F.2d at 63 (stating, "The mere fact that. . . one defendant may try to save himself at the expense of another is not sufficient grounds to require separate trials.") "Nor are inconsistent defenses a ground for severance." United States v. O'Connell, 841 F.2d 1408, 1432 (8th Cir. 1988). Irreconcilable or antagonistic defenses "require severance only when there is a danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." United States v. Delpit, 94 F.3d 1134, 1143 (8th Cir. 1996) (internal quotations and citation omitted). Even where two defendants each accuse the other of the crime at issue, the Supreme Court has held that it may be possible to cure any prejudice with appropriate instructions. Zafiro, 506 U.S. at 540-41.

Just as inconsistent defenses are not a ground for severance, the reverse would also appear true – consistent defenses are not a ground for severance – in response to

Benedict's argument that the two conspiracies are so intertwined that the only legitimate defense is a denial of both. (Def.'s Mem. Supp. Appeal at 3 [Doc. No. 220].) Moreover, Benedict's joint trial serves the interest of efficiency because of the similarity of offenses and evidence. See Darden, 70 F.3d at 1527 (noting that joint trials "save time and money for the courts, prosecutors, and witnesses.").

For all of these reasons, the Court finds Magistrate Judge Noel's order denying Defendant Benedict's Motion to Sever Counts for Trial and his Motion to Sever Defendants is neither clearly erroneous or contrary to law. Even applying a de novo standard of review, the Court would adopt Judge Noel's order. The magistrate judge's Order [Doc. No. 187] relating to Benedict's severance motions is therefore affirmed.

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant Derek Edward Benedict's Appeal of the Magistrate Judge's Order Denying Severance of Defendants & Disparate Conspiracies for Trial [Doc. No. 204] is **DENIED**; and

2. Magistrate Judge Noel's Order of July 24, 2013 [Doc. No. 187] regarding Defendant Benedict's severance motions is **AFFIRMED**.

Dated: September 6, 2013

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Court Judge